IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERRI MONSON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DELL SERVICES FEDERAL GOVERNMENT, INC., and NTT DATA SERVICES FEDERAL GOVERNMENT, INC. | ) ) ) ) | |
| | ) | |
| Defendants. | | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Terri Monson ("Plaintiff"), and files this Complaint against Defendants Dell Services Federal Government, Inc. ("Defendant Dell") NTT Data Services Federal Government, Inc. ("Defendant NTT Data Services") (Defendant Dell and Defendant NTT Data Services collectively referred to as "Defendants") stating the following:

### I.   **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendants are subject to specific personal jurisdiction in this Court with respect to the claims asserted herein. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From January 2013 to December 31, 2017, Plaintiff was employed by Defendant Dell as an IT support worker. The division in which Plaintiff worked was acquired by Defendant NTT Data Services from Defendant Dell and from January 1 to March 17, 2018, Plaintiff was employed by Defendant NTT Data Services in the same position she previously held with Defendant Dell.

7.

Throughout Plaintiff's employment with Defendants, Plaintiff's primary duty was the performance of non-exempt work, specifically IT support and discretion lacking customer service tasks.

8.

From April 5, 2015 until March 17, 2018 (the period for which Plaintiff seeks damages in this action), Plaintiff was paid on a salary basis and was not paid overtime compensation, calculated at one and one-half times her regular rate, for the hours she worked over 40 in workweeks, apart from approximately three weeks in which Defendant Dell paid Plaintiff overtime compensation for some of her overtime hours.

9.

Plaintiff was an "employee" of Defendants, as that term has been by the

FLSA, 29 U.S.C. §203(e).

10.

During the above referenced salary paid period, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation at one and one-half times her regular rate for such hours worked over 40.

11.

Defendants are "employers" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Plaintiff was entitled to overtime compensation throughout her employment with Defendants.

13.

Defendants are private employer engaged in interstate commerce, and their respective gross revenues exceeded $500,000 in 2015, 2016, and 2017. Defendants are and have been employers subject to the FLSA's overtime requirements at all times relevant to Plaintiff's claims.

14.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without receiving overtime compensation at the required rate.

15.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendants' violations of the FLSA were willful and in bad faith.

21.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

22.

Defendants knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

23.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.     Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendants awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 9th day of April 2018.

          **BARRETT & FARAHANY**

          <u>/s/ V. Severin Roberts</u>
          V. Severin Roberts
          Georgia Bar No. 940504
          Attorney for Plaintiff Terri Monson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309

(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com